UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THEODORE JOHNSON, *pro se*          :
                                    :
               Plaintiff,           :           **OPINION AND ORDER**
                                    :
               -against-           :           03-CV-4704 (DLI)(LB)
                                    :
WASHINGTON MUTUAL BANK, F.A.        :
and MELISA J. SIROVANA,              :
Executive Liaison,                  :
                                    :
               Defendants.         :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Before the court is defendants' motion to dismiss plaintiff's Amended Complaint purporting to allege causes of action under 42 U.S.C. § 1983 (2000); 42 U.S.C. § 1985 (2000), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. (2000) ("RESPA"); the Truth in Lending Act ("TILA"), 15 U.S.C § 1601 et seq. (2000); the Equal Credit Opportunity Act 15 U.S.C. § 1691 et seq. (2000) ("ECOA"); and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. *Pro se* plaintiff, Theodore F. Johnson, seeks declaratory relief, injunctive relief, $10 million in punitive damages and $10 million in compensatory damages against defendants, Washington Mutual Bank, F.A. ("WAMU") and Melisa J. Sirovina ("Sirovina"). Defendants argue that plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, defendants' motion is granted.

**I.    Background**

Defendant WAMU "is a federal association that maintains offices in New York, as well as

several other states." (Defs.' Mem. of Law ("Defs.' Mem.") at 5.) Sirovina is employed by WAMU as an executive liaison responsible for "customer service with respect to specific mortgage loan customers . . . ." (Sirovina Aff. ¶ 3.) Plaintiff is the owner of property located at 205 Brown Avenue, Hempstead, New York ("Property"). (Pl.'s Am. Compl. ¶¶ 4-5.)

In June 1990, plaintiff entered into a mortgage loan agreement with Midatlantic Home Mortgage Corporation ("Midatlantic"). (Defs.' Mem. at 3; Sirovina Aff. Ex. A.) Plaintiff's Property secured that mortgage. Throughout the next ten years, the loan was transferred three times. First, it was transferred from Midatlantic to Midcoast Home Mortgage ("Midcoast"), then to PNC Bank ("PNC"), and finally to defendant WAMU. (Defs.' Mem. at 3.)

In September 2003, *pro se* plaintiff, then 76 years old, filed this action against defendants, alleging civil rights, various general contractual and federal statutory violations. Defendants joined issue on October 24, 2003. On January 5, 2004, with the court's permission, plaintiff filed an Amended Complaint, consisting in large part of lists of various mortgage payments plaintiff made to WAMU, Midatlantic, Midcoast, and PNC. Plaintiff also makes various conclusory allegations, including that his mortgage closing was a "conspiracy and a fraud" (Pl.'s Am. Compl. ¶ 23) and that "escrow charges" made by defendants and plaintiff's former mortgage holders were "dishonest and excessive." (Pl.'s Am. Compl. ¶¶ 31, 38, 40, 53, 57-59.) Finally, plaintiff merely lists various federal statutes and constitutional amendments in a section of his complaint entitled "Jurisdiction and Venue," claiming violations thereof.

Defendants now move to dismiss the Amended Complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief may be granted.

## II. Discussion

### A. Standard for a Motion to Dismiss

When evaluating a complaint under Fed. R. Civ. P. 12, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party. *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). A motion to dismiss must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).

Because plaintiff is a *pro se* litigant, the court, in deciding this motion, has construed plaintiff's papers broadly, interpreting them to raise the strongest arguments they suggest. *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1993).

Among those rules is Fed. R. Civ. P. 8(a), which "provides that a complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002), 122 S.Ct. 992, 998, 152 L. Ed.2d 1. "Rule 8(a)'s simplified standard applies to all civil actions, with limited exceptions. *Id*. at 513. For example, Fed. R. Civ. P. 9(b) provides for greater particularity in all averments of fraud or mistake. Moreover, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 513.

### B. Subject Matter Jurisdiction

Defendant alleges that this court lacks subject matter jurisdiction because no federal question

3

is presented. (Defs.' Mem. at 2.) To defeat defendant's motion under Fed. R. Civ. P. 12(b)(1), plaintiff's complaint must state a cause of action that arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331 (2000); *see Wheeldin v. Wheeler*, 373 U.S. 647, 649, 83 S. Ct. 1441, 1444, 10 L. Ed. 2d 605 (1963) (Federal question jurisdiction exists where "the right of petitioners to recover under their complaint will be sustained if the Constitution and the laws of the United States are given one construction and will be defeated if they are given another."). The burden is on the plaintiff to establish the court's jurisdiction over the matter. *See First Capital Asset Mgmt., Inc. v. Brickellbush*, 218 F. Supp. 2d 369, 378-79 (S.D.N.Y. 2002), *aff'd*, 385 F.3d 159 (2d Cir. 2004). A court may consider affidavits and other material beyond the pleadings to resolve jurisdictional questions under Rule 12(b)(1). *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir. 2001).

Here, plaintiff's Amended Complaint summarily lists the following statutes under a section of his Amended Complaint entitled "Jurisdiction and Venue": 28 U.S.C. §§ 1331, 1335, 1337, 1343, 1346(b), 2201, Fed. R. Civ. P. Rule 4(n)(1), the RESPA, the TILA, and the ECOA. (Pl.'s Am. Compl. at ¶¶ 2-3.) Although it is questionable whether such a list is sufficient to satisfied plaintiff's burden of establishing subject matter jurisdiction, in construing the plaintiff's Amended Complaint and motion papers broadly, the court finds subject matter jurisdiction over this matter.[1] However, as set forth more fully below, plaintiff's Amended Complaint does not state any viable claim under

---

[1] The court notes that the Amended Complaint and opposition papers appear to allege baldly that since WAMU is a federally chartered institution, federal subject matter jurisdiction is conferred on this court. However, it is well settled that "the mere fact that an entity is federally chartered, [] is not sufficient to establish federal question jurisdiction." *Curiale v. Reissman*, 798 F. Supp. 141, 145 (S.D.N.Y. 1992) (citing *Austin v. Altman*, 332 F. 2d 273, 276 (2d Cir. 1964)).

the US Constitution or federal law upon which relief can be granted.

      **C.**      **Plaintiff failed to state a claim upon which relief can be granted**.

Plaintiff's Amended Complaint is devoid of any particular facts in support of his purported claims. Plaintiff's Amended Complaint merely lists by name various federal statutes and US Constitutional Amendments. Broadly construing plaintiff's Amended Complaint, the court addresses each named statute and constitutional provision in turn.

      **1.**      **Section 1983**

First, plaintiff baldly alleges that defendants violated 28 U.S.C. § 1983 (2000). (Pl.'s Am. Compl. ¶ 2.) "In order to prevail on a § 1983 claim, it is necessary for the plaintiff to show that [he] was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States by a person acting under the color of state law." *Williams v. The City of New York*, No. 97 CV 945, 1998 U.S. Dist. LEXIS 6229, at *4 (E.D.N.Y. Mar. 30, 1998) (citing 42 U.S.C. § 1983; *Buckley v. Fitzsimmons*, 509 U.S. 259, 268, 113 S. Ct. 2606, 2612, 125 L. Ed. 2d 209 (1993); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993), *cert. denied*, 512 U.S. 1240, 114 S. Ct. 2749, 129 L. Ed. 2d 867 (1994)). Civil rights complaints "must contain specific allegations of acts which indicate a depravation of constitutional rights: allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987).

Here, plaintiff merely names "Section 1983" once in his Amended Complaint. (Pl.'s Am. Compl. ¶ 2.) The mere mention of the phrase "Section 1983" in the Amended Complaint fails to meet even the liberal pleading requirements afforded to litigants. *See Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) ("[C]omplaints containing only conclusory, vague or general

allegations that defendants have engaged in a conspiracy to deprive plaintiff of constitutional rights are properly dismissed."). Further, the plaintiff does not allege that defendants' conduct constitutes "'state action' as is required to make a colorable claim under . . . Section 1983." *Id*. Thus, plaintiff fails to state a viable claim under § 1983.

### 2. Section 1985

Next, plaintiff alleges that defendants violated 28 U.S.C. § 1985 (2000). (Pl.'s Am. Compl. ¶ 2.)

> To state a cause of action under § 1985(3), a plaintiff must allege (1) conspiracy; (2) for the purpose of depriving a person or class or persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

*Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).

Here, again applying a liberal reading to the Amended Complaint, the plaintiff does not make any allegation in support of a violation of § 1985. Much like plaintiff's § 1983 claim, the mere mention of the phrase "section 1985" in his Amended Complaint is insufficient to survive a motion to dismiss. (Pl.'s Am. Compl. ¶ 2); *see Iwachiw v. Gersh*, No. 01 CV 2254, 2005 WL 3149537, at *4 (E.D.N.Y Nov. 23, 2005) (Plaintiff's failure to present a short and plain statement of the claims against each of the defendants cannot withstand a motion to dismiss despite plaintiff's *pro se* status). Thus, plaintiff failed to state a claim under § 1985 upon which relief may be granted.

### 3. Fourth, Fifth, and Fourteenth Amendment Claims

Plaintiff also baldly alleges that defendants violated his Fourth, Fifth and FourteenthAmendment rights provided by the United States Constitution. (Pl.'s Am. Compl. ¶ 2.) However, other than mentioning each Amendment by name, plaintiff's Amended Complaint is

6

completely devoid of any factual allegations that would support a claim arising under the United States Constitution. *See Haase v. Silver*, 140 F. App'x 274 (2d Cir. 2005) ("Bald assertions and conclusions of law are insufficient to state a claim upon which relief may be granted"); *Johnson v. Chem. Bank*, No. 96 Civ. 4262, 1996 U.S. Dist. LEXIS 18027, at *16 (S.D.N.Y. Dec. 6, 1996) (granting defendant's motion for summary judgment where plaintiff brought suit under the First, Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution, but "failed . . . to establish that he was deprived of any constitutionally or federally protected right by the defendants"). Moreover, "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *United States v. Int'l Board of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991). As stated previously, the Amended Complaint is devoid of any factual allegations, which even under the most liberal reading would constitute state action by defendants. Therefore, no viable constitutional violation has been alleged.

### 4. Real Estate Settlement Procedures Act

Plaintiff also lists the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. (2000) ("RESPA") in his *roll call* of federal laws. (Pl.'s Am. Compl. ¶ 3.) RESPA was enacted to provide consumers with "greater and more timely information about the costs of the real estate settlement process. 12 U.S.C § 2601 (2000). Under RESPA, private parties may only bring suit under 12 U.S.C §§ 2605, 2607 and 2608 (2000). *Mcananey v. Astoria Financial Corp.*, 357 F. Supp. 2d 578, 591 (E.D.N.Y. 2005).

First, "section 2605 is designed to streamline the servicing of mortgage loans and to clarify the disclosures that loan servicers are required to make to the borrower." *Katz v. Dime Savings*

*Bank, FSB*, 992 F. Supp. 250, 256 (W.D.N.Y. 1997). Here, the Amended Complaint is devoid of any allegation that defendants failed to fulfill § 2605's notice obligations or that defendants failed to respond to plaintiff's inquiries. Next, § 2607 prohibits payment of unearned fees such as kickbacks, referral fees or other charges for services not actually performed in connection with a real estate settlement involving a federally related mortgage transactions. 12 U.S. C. § 2607(a) and (b); *see United States v. Gannon*, 684 F.2d 433, 436-37 (7th Cir. 1997), *cert. denied*, 454 U.S. 940, 102 S. Ct. 475, 70 L. Ed. 2d 248 (1981). In this case, the Amended Complaint does not allege any kind of wrongdoing with respect to charges in connection with the settlement of his mortgage. Finally, § 2608 prohibits a seller of property from requiring the buyer, as a condition of selling the property, to purchase title insurance covering the property from a particular company. § 2608(a). Here, defendants did not and are not currently attempting to sell plaintiff's Property. Instead, defendants are the holders of plaintiff's mortgage that is secured by plaintiff's Property. Thus, § 2608 is inapplicable to this case. As defendants correctly point out, it is entirely unclear what facts plaintiff is alleging that constitute a violation of RESPA. (Def. Mem. at 6.) Therefore, plaintiff has not stated a claim under RESPA.

        **5.    Truth in Lending Act Claim**

Plaintiff's Amended Complaint also makes mention of the Truth in Lending Act, 15 U.S.C § 1601 et seq. (2000) ("TILA"). (Pl.'s Am. Compl.¶ 3.) The Amended Complaint specifically references Regulation Z of TILA. 15 U.S.C. § 1604(a) (2000). TILA "has the broad purpose of promoting the informed use of credit by assuring meaningful disclosure of credit terms to consumers" and Regulation Z furthers this purpose. *Ford Motor Credit Co. v. Mihollin*, 444 U.S. 555, 559, 100 S.Ct. 790, 794 (1980); 12 C.F.R. § 226.1(b) (2004). TILA's Regulation Z applies to

8

"loans that are secured by real property or a dwelling such as residential mortgage transaction [or] home equity loan . . . ." *McAnaney v. Astoria Financial Corp.*, 357 F. Supp. 2d 578, 591 (E.D.N.Y. 2005) (citing 12 C.F.R. § 226.1(c) (2004)). Regulation Z requires disclosure of a myriad of credit terms to buyers. *Powell v. Am. Gen. Fin., Inc.*, 310 F. Supp. 2d 481, 484-85 (N.D.N.Y. 2004). "A plaintiff may state a cause of action under TILA by alleging a violation of one of its provisions." *Id.* at 485.

Here, again, as defendants correctly point out in their memorandum, it is entirely unclear what facts plaintiff alleges constitute a violation of TILA. (Def.'s Mem. at 6.) Plaintiff's Amended Complaint, without much more, merely mentions TILA by name. In light of the numerous disclosure requirements under TILA and the absence of any factual allegations the Amended Complaint, the Court would have to make an incredible stretch to find that plaintiff has stated a claim. Simply mentioning TILA twice in the Amended Complaint without pleading further facts in support of a violation is insufficient to meet Rule 8's pleading requirements. *Id.* at 514. Not only does plaintiff fail to provide a "short and plain statement" of the claim as required by Rule 8, the Amended Complaint does not give defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz*, 534 U.S. at 512-13.

Plaintiff's Amended Complaint contains the following conclusory statements "no annual percentage rate (APR)," "no annual percentage rate (APR) in writing or anytime [sic]," and "Federal Regulation Z of Truth-In-Lending that the borrower be advised of the APR in advertisements and in writing when a loan is placed." (Pl's Am. Compl. ¶¶ 3(c), 3(d), 32.). These statements leads the court to infer that plaintiff claims he was not informed of the APR associated with the mortgage at issue. Even if plaintiff's Amended Complaint met the Rule 8 pleading requirements, plaintiff's

9

claim still fails because plaintiff signed a Truth In Lending Disclosure Statement,[2] acknowledging the terms of his mortgage, including the annual percentage rate. (Sirovina Aff. Ex. E). Therefore, plaintiff's TILA claim must be dismissed.

### 6. Equal Credit Opportunity Act

Plaintiff's complaint also mentions the Equal Credit Opportunity Act in his litany of federal laws. (*See* Pl.'s Am. Compl. ¶ 3.) The ECOA states, in relevant part, that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1) (2000). "The ECOA provides for a private cause of action based on disparate impact or disparate treatment." 15 U.S.C. § 1691e(c) (2000). *See also Powell*, 310 F. Supp. 2d 487 (citing *Jones v. Ford Motor Credit Co.,* No. 00 Civ. 8330, 2002 WL 88431, at *2 (S.D.N.Y. Jan. 22, 2002), *rev'd on other grounds,* 358 F.3d 205 (2d Cir. 2004)). To state a ECOA claim, a plaintiff must allege that (1) he was a member of a protected class, (2) he was qualified for the loan requested, (3) the lender declined the loan, and (4) the lender showed a preference for a non-protected individual. *Powell*, 310 F. Supp.2d at 487. To state a disparate impact claim under the ECOA, a plaintiff must allege that the defendant had a discriminatory a policy or practice. *Id*. Further, to state a disparate treatment claim, a plaintiff must articulate not only that he was qualified for a loan, but that he was more qualified than other applicants, yet denied credit. *Id*.

In the instant case, plaintiff's amended complaint does not contain any allegations sufficient to establish an ECOA claim. Plaintiff's Answering Affidavit does state that WAMU's

---

[2] Plaintiff does not dispute the truth and accuracy of this statement or the fact that he signed this document.

"discriminating practices are a violation of plaintiff's civil rights," (Pl.'s Answering Aff. ¶ 16), that "plaintiff and his wife . . . filed an application with [WAMU] on two separate occasions, to refinance said mortgage . . . and said application was turned down without cause or reason," (Pl.'s Answering Aff. ¶ 15), and that "[i]f it were not for plaintiff['s] . . . 'color' and 'age,' [WAMU] would not have denied and/or turned down our mortgage application to refinance and to keep plaintiff locked in this dishonest 10-1/8% [sic] mortgage." (Pl.'s Answering Aff. ¶ 18.) However, even if this court considers the above allegations in his Answering Affidavit, plaintiff still fails to state a claim under the ECOA. Plaintiff fails to allege that he was qualified for a refinance mortgage, that defendant showed a preference for a non-protected individual, or that defendants engaged in a discriminatory practice in furtherance or followed a discriminatory policy. Therefore, plaintiff's ECOA claim is dismissed.

### 7. State Claims

Finally, plaintiff names a hodgepodge of state common law causes of action in his Amended Complaint, including breach of contract, conspiracy and fraud. Since plaintiff's federal claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6), this court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See Cardiello v. The Money Store, Inc.*, No. 00 Civ. 7332, 2001 U.S. Dist. LEXIS 7107, at *29 (S.D.N.Y. May 31, 2001) ("When federal claims are dismissed, retention of state law claims under supplemental jurisdiction is left to the discretion of the trial court") (citing 28 U.S.C. § 1367(c)(3) (2000)).

**III. Conclusion**

For the reasons set forth above, defendant's motion to dismiss is granted in its entirety. The complaint is dismissed without costs to either party.

SO ORDERED.

DATED: Brooklyn, New York
May 4, 2006

/s/
DORA L. IRIZARRY
United States District Judge